# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOI**FILED**
### EASTERN DIVISION

TOMMIE PRYOR,                          )

        Plaintiff,                 )

    **v.**                              )   No.

                                       )

OFFICER DWAYNE BRAGIEL, OFFICER        )

PATRICK ROONEY, AND THE CITY OF        )

CHICAGO, A MUNICIPAL CORPORATION,      )

        Defendants.                )

MAR – 3 2006

**MICHAEL W. DOBBINS
CLERK. U.S. DISTRICT COURT**

06CV1157
JUDGE GOTTSCHALL
MAGISTRATE MASON

## COMPLAINT

NOW COMES Plaintiff, TOMMIE PRYOR, by his attorney Michael J. Petro, and complaining of Defendants, THE CITY OF CHICAGO, OFFICER BRAGIEL, AND OFFICER ROONEY, state as follows:

### INTRODUCTION

1.    This is a civil action brought pursuant to 42 U.S.C. Section 1983 seeking damages against defendants for committing acts under color of law, and depriving plaintiff TOMMIE PRYOR of rights secured by the Constitution and laws of the United States.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367.

3.    Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted herein occurred within the district.

1

**PARTIES**

4.     Plaintiff Tommie Pryor is a citizen of the United
States and a resident of Chicago, Illinois.

5.     Defendant Officer Dwayne Bragiel is a police officer
employed by the City of Chicago and was, at all times relevant to
the facts alleged in this complaint, acting within the scope of
his employment and under color of law.  Defendant Officer Dwayne
Bragiel is being sued individually.

6.     Defendant Officer Patrick Rooney is a police officer
employed by the City of Chicago and was, at all times relevant to
the facts alleged in this complaint, acting within the scope of
his employment and under color of law.  Defendant Officer Patrick
Rooney is being sued individually.

7.     The City of Chicago is a municipal corporation within
the State of Illinois and was, at all times material to this
complaint, the employer of defendants Officer Dwayne Bragiel and
Officer Patrick Rooney.

**FACTS**

8.     On or about March 8, 2005, at approximately 8:00 p.m.,
plaintiff Tommie Pryor, along with his wife, Crystal Plump-Prior,
and his son, was driving an automobile in the area of 27th Street
and State Street in Chicago, Illinois.

9.     On or about March 8, 2005, at approximately 8:00 p.m.,
a Chicago Police car drove up behind Tommie Pryor's vehicle and

2

activated its emergency lights. Tommie Pryor pulled his vehicle
to the side of the road.

10. Defendants Officer Bragiel and Officer Rooney got out
of the police car and approached Tommie Pryor's vehicle. Without
justification, Officers Bragiel and Rooney forcefully pulled
Tommie Pryor from his vehicle and threw him onto the hood of his
car. Officers Bragiel and Rooney then ordered Crystal Plump-
Pryor and Tommie's son out of the car.

11. While directing profane and threatening language at
Tommie Pryor and his family and accusing Mr. Pryor of swallowing
drugs, Officers Bragiel and Rooney arrested Tommie Pryor and
handcuffed his hands behind his back. Mr. Pryor was transported
to the police station.

12. At the police station, Officers Bragiel and Rooney
escorted Mr. Pryor through a hallway. Mr. Pryor had his hands
cuffed behind his back. As Officers Bragiel and Rooney led Mr.
Pryor into a room, suddenly and without provocation, Officer
Bragiel and/or Officer Rooney forcefully and violently slammed
Mr. Pryor's head into and through a glass window that was set in
the door that opened into the room. Mr. Pryor sustained a
serious head injury and fell to the floor.

13. While Mr. Pryor lay on the floor bleeding from his
head, Officer Bragiel and/or Rooney placed his knee on Mr.
Pryor's back and began yelling for assistance while falsely

3

asserting Mr. Pryor had tried to escape.

14.    While kneeling on Mr. Pryor's back, Officer Bragiel
and/or Officer Rooney began to gouge one of Mr. Pryor's eyes with
his thumb.

15.    Mr. Pryor was rushed to a nearby hospital by ambulance
where he received emergency room medical care for multiple
injuries that included 18 staples and 27 stitches to close the
laceration in his head.

16.    Subsequently, Mr. Pryor was falsely charged with
possession of a controlled substance and criminal damage to city
property.   The charges against Tommie Pryor were later dismissed.

## COUNT I
## (42 U.S.C. SECTION 1983 – EXCESSIVE FORCE CLAIM)

17.    Each of the foregoing paragraphs is incorporated as if
fully restated herein.

18.    As described in the preceding paragraphs, the conduct
of defendants Bragiel and Rooney toward Tommie Pryor constituted
excessive force in violation of the United States Constitution.

19.    The misconduct described in this Count was objectively
unreasonable and was undertaken intentionally with malice,
willfulness, and reckless indifference to Plaintiff Tommie
Pryor's constitutional rights.

20.    This unreasonable and unjustifiable beating of Tommie
Pryor by defendants Bragiel and Rooney was the direct and

4

proximate cause of his injuries, pain and suffering, and mental
anguish.

WHEREFORE, Plaintiff, TOMMIE PRYOR, demands judgment in his
favor and against Defendants OFFICER BRAGIEL, and OFFICER ROONEY,
for compensatory damages and attorneys' fees, along with punitive
damages against the defendant officers in their individual
capacities, and such other additional relief as this court deems
equitable and just.

## COUNT II
## (42 U.S.C. SECTION 1983 – FALSE ARREST)

21.  Each of the foregoing paragraphs is incorporated as if
restated fully herein.

22.  As described more fully above, the defendant Officers
falsely arrested and unlawfully detained plaintiff without
probable cause.

23.  The misconduct set forth above was undertaken
intentionally, with malice, and reckless indifference to
Plaintiff's rights.

24.  The above described acts of Officer Bragiel and Officer
Rooney were the direct and proximate cause of Mr. Pryor's
injuries, pain and suffering, and mental anguish.

WHEREFORE, Plaintiff, TOMMIE PRYOR, demands judgment in his
favor and against defendants, OFFICER BRAGIEL, and OFFICER
ROONEY, for compensatory damages and attorneys' fees, along with

5

punitive damages against the defendant officers in their individual capacities, and such other additional relief as this court deems equitable and just.

### COUNT III
### (Supplemental State Law Claim for Assault and Battery)

25. Each of the foregoing paragraphs is incorporated as if restated fully herein.

26. As described more fully in the preceding paragraphs, the actions of defendants Officer Bragiel and Officer Rooney created a reasonable apprehension of imminent harm and constituted offensive physical contact with plaintiff as to constitute assault and battery under the laws and Constitution of the State of Illinois.

27. As a result of the actions of defendants Bragiel and Rooney, Tommie Pryor sustained physical and emotional injuries.

28. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to plaintiff's rights.

29. The misconduct described in this Count was undertaken by defendants Officer Bragiel and Officer Rooney within the scope of their employment such that their employer, the City of Chicago, is liable for their actions.

WHEREFORE, Plaintiff, TOMMIE PRYOR, demands judgment in his favor and against defendants, THE CITY OF CHICAGO, OFFICER

6

BRAGIEL, and OFFICER ROONEY, for compensatory damages and attorneys' fees, along with punitive damages against the defendant officers in their individual capacities, and such other additional relief as this court deems equitable and just.

## COUNT IV
### (Supplemental State Claim for False Arrest/False Imprisonment)

30.   Each of the foregoing paragraphs is incorporated as if restated fully herein.

31.   Plaintiff Tommie Pryor was arrested and detained despite the defendant Officers' knowledge that there was no lawful justification for doing so.

32.   In the manner described more fully above, defendants Bragiel and Rooney unlawfully restrained Plaintiffs' liberty by imprisoning him.

33.   As a result of the actions of defendants Officer Bragiel and Officer Rooney, Tommie Pryor sustained physical and emotional injuries.

34.   The misconduct described in this count was undertaken intentionally with malice, willfulness, and reckless indifference to plaintiff's rights.

35.   The misconduct described in this Count was undertaken by defendants Officer Bragiel and Officer Rooney within the scope of their employment such that their employer, the City of Chicago, is liable for their actions.

7

WHEREFORE, Plaintiff, TOMMIE PRYOR, demands judgment in his favor and against Defendants, THE CITY OF CHICAGO, OFFICER BRAGIEL, and OFFICER ROONEY, for compensatory damages and attorneys' fees, along with punitive damages against the defendant officers in their individual capacities, and such other additional relief as this court deems equitable and just.

### COUNT V
### (Supplemental State Law Claim for Malicious Prosecution)

36. Each of the foregoing paragraphs is incorporated as if restated fully herein.

37. The defendant Officers signed complaints against plaintiff and further gave false statements to prosecutors with the intent to institute and continue judicial proceedings.

38. As a result of the actions by defendants Bragiel and Rooney, plaintiff Tommie Pryor was improperly subjected to judicial proceedings unsupported by probable cause to believe that he had committed a crime. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all charges were subsequently dismissed in a manner indicative of plaintiff's innocence.

39. The misconduct described in this count was undertaken intentionally with malice, willfulness, and reckless indifference to plaintiff's rights.

40. As a direct and proximate result of this misconduct,

8

Tommie Pryor suffered injuries, including but not limited to emotional distress.

41. The misconduct described in this Count was undertaken by defendants Officer Bragiel and Officer Rooney within the scope of their employment such that their employer, the City of Chicago, is liable for their actions.

WHEREFORE, Plaintiff, TOMMIE PRYOR, demands judgment in his favor and against Defendants, THE CITY OF CHICAGO, OFFICER BRAGIEL, and OFFICER ROONEY, for compensatory damages and attorneys' fees, along with punitive damages against the defendant officers in their individual capacities, and such other additional relief as this court deems equitable and just.

## COUNT VI
### (Supplemental State Law Claim for *Respondeat Superior*)

42. Each of the foregoing paragraphs is incorporated as if restated fully herein.

43. In committing the acts described in the preceding paragraphs, defendants Officer Bragiel and Officer Rooney were agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

44. Defendant City of Chicago is liable as principal for torts committed by its agents.

WHEREFORE, Plaintiff, TOMMIE PRYOR, demands judgment in his favor and against Defendant CITY OF CHICAGO, for compensatory

9

damages and attorneys' fees, and such other additional relief as
this court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,

Joseph J. LaRocco
Attorney for Plaintiff

Law Office of Michael J. Petro
53 West Jackson Blvd., Suite 324
Chicago, IL 60604
312-913-1111